IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STEPHEN CHARLES TASSIO, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:15-CV-00484 |
| ONEMAIN FINANCIAL, INC., and | § | |
| CHRISTI MERRITT, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint Under Rule 12(b)(6) (Dkt. 5). As set forth fully below, the Court finds that it should be GRANTED and that this case should be dismissed for failure to state a claim.

*Pro se* Plaintiff filed this suit against Defendants OneMain Financial, Inc. ("OneMain") and Christi Merritt on July 16, 2015. Plaintiff argues that Defendant OneMain improperly accounted for and applied Plaintiff's payments on his personal loan from OneMain (the "Loan"). According to Plaintiff, Defendant Merritt is the branch manager of OneMain's McKinney, Texas office. Under his claims for relief, Plaintiff asserts violations of "18 U.S.C. § 1962(c) and (d) RICO Statutes." Dkt. 1 at 9.

In their motion to dismiss, Defendants argue "Plaintiff grossly exaggerates the scope of the dispute by referencing previous federal fines assessed against OneMain's corporate parent and OneMain's filings with the Securities and Exchange Commission and claiming that Defendants' attempt to collect on the Loan amounts to mail fraud and credit collection by extortionate means in

1

violation of the Racketeer Influenced and Corrupt Organizations Act ('RICO')." Dkt. 5 at 1. Defendants seek dismissal of Plaintiff's RICO claim for failure to state a plausible RICO claim. Specifically, Defendants argue that Plaintiff failed to plead a RICO person; that Plaintiff failed to sufficiently plead a pattern of racketeering in his allegations of mail fraud or credit collection by extortionate means; that Plaintiff failed to plead a pattern of predicate acts; that Plaintiff failed to plead a RICO enterprise; and that Plaintiff failed to plead a subsection (d) RICO claim. Defendants also argue that, to the extent Plaintiff seeks to assert a cause of action under the Truth in Lending Act, he has failed to state a plausible right to relief.

## STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive,

so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

Moreover, as to allegations involving fraud, Rule 9(b) of the Rules of Federal Civil Procedure requires that a party alleging fraud must state with particularity the circumstances constituting the fraud. FED. R. CIV. P. 9(b).

## ANALYSIS

The Court first addresses Plaintiff's "Claim for Relief: 18 U.S.C. § 1962(c) and (d) RICO Statutes." Dkt. 1 at 9. Specifically, Plaintiff alleges that Defendants violated § 1962(c) and (d) through actions constituting mail fraud under 18 U.S.C. § 1341 and collection of credit transactions through extortionate means under 18 U.S.C. § 894.

A plaintiff bringing a claim under the RICO statute, 18 U.S.C. § 1961, *et seq*., must allege and show the following: (1) a person who engages in (2) a pattern of racketeering activity, and (3) connected to the acquisition, establishment, conduct, or control of an enterprise. 18 U.S.C. § 1962;

*St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009). A pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity. *Id.* An enterprise under RICO is a group of persons or entities associating together for the common purpose of engaging in a course of conduct, and an enterprise may be a legal entity or any union or group of individuals **associated in fact**. *Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 229 (5th Cir. 2003) (citing 18 U.S.C. § 1961(4)) (emphasis added).

<u>Racketeering Activity</u>

The Court first looks at whether Plaintiff has sufficiently alleged a racketeering activity in support of his RICO claims. A pattern of racketeering activity "consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity." *Zastrow v. Houston Auto Imports Greenway Ltd.*, 789 F.3d 553, 560 (5th Cir. 2015) (internal citations omitted). 18 U.S.C. § 1961(1) sets forth the specific predicate acts that constitute "racketeering activity." *Id.*

Here, Plaintiff alleges the following predicate acts: mail fraud, in violation of 18 U.S.C. §1341, and credit collection by extortionate means, in violation of 18 U.S.C. § 894. Defendants argue that Plaintiff has failed to sufficiently plead the necessary elements of these predicate acts. The Court agrees.

A plaintiff alleging RICO mail fraud must allege the following "1) a scheme to defraud by means of false or fraudulent representation, 2) interstate or intrastate use of the mails to execute the scheme, 3) the use of the mails by the defendant connected with scheme, and 4) actual injury to the plaintiff." *In re Burzynski*, 989 F.2d 733, 742 (5th Cir. 1993). Federal Rule of Civil Procedure

9(b)'s pleading requirements apply to RICO claims resting on allegations of fraud, and a plaintiff must plead his fraud-based RICO claims with particularity. *See Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997); *Walsh v. Am.'s TeleNetwork Corp.*, 195 F. Supp. 2d 840, 846 (E.D. Tex. 2002). "To properly plead RICO claims under Rule 9(b), [a plaintiff] must plead the time, place and contents of the false representations, as well as the identity of the person making the misrepresentations and what the person obtained by the representations." *Id.* Here, Plaintiff has not stated the fraudulent representation made by Defendants. Specifically, Plaintiff has not stated with particularity any payment demands by Defendants on the Loan or how they were false or constituted misrepresentations as to the payments owed under the Loan. Mail fraud has not been adequately stated.

As to the alleged credit collection by extortionate means, such a claim requires an allegation of extortionate means which is defined as "[a]n extortionate means is any means which involves the use, or an express or implicit threat of use, of violence or other criminal means to cause harm to the person, reputation, or property of any person." 18 U.S.C. § 891(7). Plaintiff's complaint does not allege any violence or threats of harm to Plaintiff by Defendants. That Plaintiff received demands for payment on the Loan – even if he disputes the amount demanded – does not amount to violence or threats of harm, nor are Plaintiff's conclusory allegations of "harassment, intimidation etc." or "loansharking tactics", *see* Dkt. 1 at 7, enough to state extortionate means.

Plaintiff has simply not alleged any predicate acts sufficient to plead a pattern of racketeering under RICO. Moreover, Plaintiff's allegations do not state a pattern of predicate acts or the continuity required to state a RICO claim. As recently explained by the Fifth Circuit:

> "To establish continuity, plaintiffs must prove 'continuity of racketeering activity, or its threat.'" *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 241, 109 S. Ct. 2893, 106 L .Ed.2d 195 (1989)). "This may be shown by either a closed period of repeated conduct, or an open-ended period of conduct that 'by its nature projects into the future with a threat of repetition.'" *Id.* (quoting *H.J. Inc.*, 492 U.S. at 241, 109 S.Ct. 2893). Continuity over a closed period requires proof of "a series of related predicates extending over a substantial period of time." *H.J. Inc.*, 492 U.S. at 242, 109 S.Ct. 2893. "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement...." *Id.* Continuity over an open period requires "a threat of continued racketeering activity." *Id*. This may be established where the predicate acts "themselves involve a distinct threat of long-term racketeering activity" or "are part of an ongoing entity's regular way of doing business." *Id*. at 242–43, 109 S. Ct. 2893.

*Zastrow v. Houston Auto Imports Greenway Ltd.*, 789 F.3d 553, 561 (5th Cir. 2015).

Here, even if the dispute regarding Plaintiff's loan payments and Defendants' accounting has spanned a period of time, Plaintiff's claims regarding Defendants' conduct are part of a single loan transaction. And although Plaintiff clearly disputes the manner in which the loan has been handled by Defendant OneMain, he has not alleged that he did not borrow money from OneMain or that the underlying loan was an illegal loan. "Where alleged RICO predicate acts are part and parcel of a single, otherwise lawful transaction, a pattern of racketeering activity has not been shown." *Id.* (internal citations and quotations omitted). As to Plaintiff's allegation in response to the motion to dismiss regarding an August 3, 2015 call from Defendant's counsel regarding an offer to "flip" his loan, such – even if alleged in Plaintiff's complaint[1] – is not relevant to any RICO claim here. *Id.*

---

[1] In a 12(b)(6) analysis, the Court's analysis is limited to the allegations in the complaint. *See Southwest Bell Tel. LP v. City of Houston,* 529 F.3d 257, 263 (5th Cir. 2008).

("where all of the alleged predicate acts took place in the context of defending a lawsuit, the unlawful conduct did not constitute or threaten long-term criminal activity") (internal quotation omitted).

No facts are stated to show a pattern of racketeering activity as required under the Fifth Circuit authority governing this Court. For this reason alone, Plaintiff's RICO claims should be dismissed. *See In re MasterCard Int'l Inc.*, 313 F.3d 257, 264 (5th Cir. 2002) ("Because Thompson and Bradley cannot prove a necessary element of a civil RICO claim, namely that the Defendants engaged in a pattern of racketeering activity or the collection of unlawful debt, we hold that dismissal is proper under Rule 12(b)(6)").

<u>*Enterprise*</u>

The Court also finds that, even if Plaintiff were able to allege some predicate act, he has not– and could not – allege an enterprise sufficient to state a RICO claim. An enterprise under RICO is a group of persons or entities associating together for the common purpose of engaging in a course of conduct, and an enterprise may be a legal entity or any union or group of individuals associated in fact. *Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 229 (5th Cir. 2003) (citing 18 U.S.C. § 1961(4)) (emphasis added).

The plaintiff alleging an association-in-fact enterprise must adduce evidence demonstrating "'an ongoing organization, formal or informal, and ... evidence that the various associates function as a continuing unit.'" *Atkinson v. Anadarko Bank & Trust Co.,* 808 F.2d 438, 439-40 (5th Cir. 1987) (quoting *Turkette,* 452 U.S. at 583, 101 S. Ct. at 2528). The enterprise is not a pattern of racketeering activity, but must exist separate and apart from the pattern of racketeering activity in

7

which it engages. *Whelan*, 319 F.3d at 229 (citing 18 U.S.C. § 1961(4)).

Here, Defendant Merritt is an alleged employee of Defendant OneMain who extended the Loan to Plaintiff. Plaintiff's complaint fails to allege any specific facts as to his claims that would show an enterprise of individuals associated in fact with Defendants. Whether Defendant OneMain "is a leader in the fragmented sub-prime lending market" (*see* Dkt. 1 at 4), as alleged by Plaintiff, is not sufficient to state an enterprise. No enterprise has been alleged that would support a RICO claim.

Plaintiff equally has not pleaded a claim for conspiracy to commit a RICO violation under 18 U.S.C. § 1962(d). If a plaintiff fails to properly plead a RICO claim under §§ 1962(a), (b), or (c), it correspondingly fails to properly plead a conspiracy claim under § 1962(d). *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 203 (5th Cir. 2015). Because the Court finds that no RICO claim has been stated, Plaintiff has failed to state a conspiracy claim under 1962(d). Further, to prevail on a RICO conspiracy claim, a plaintiff must show "(1) that two or more people agreed to commit a substantive RICO offense and (2) that [the defendants] knew of and agreed to the overall objective of the RICO offense." *Id.* Plaintiff has not sufficiently alleged in his complaint that Defendants OneMain and Merritt agreed to violate RICO.

No RICO claim has been stated and Plaintiff's claims under ""18 U.S.C. § 1962(c) and (d) RICO Statutes" should be dismissed.[2]

---

[2] Because the Court finds that Plaintiff has not stated a racketeering activity or a RICO enterprise and the failure to state either one of these elements is fatal to his claim, the Court declines to address whether he has sufficiently stated his damages or whether he has sufficiently alleged a person under the statute. Even assuming for purposes of this analysis that he has sufficiently stated a RICO person and RICO damages, Plaintiff's RICO claims do not survive.

Next, the Court briefly addresses Defendants' argument that, to the extent Plaintiff asserts a claim under the Truth in Lending Act, he has failed to plead a plausible right to relief. The Court notes that – although not characterized by Plaintiff as a "Claim for Relief" – Plaintiff's complaint references 15 U.S.C. § 1632, a TILA provision regarding the form of disclosures to be provided in credit transactions. *See* Dkt. 1 at 8. Plaintiff has not offered any argument in response to the motion to dismiss as to how such a claim is stated, nor have any facts been alleged in the complaint to support such a claim under TILA. The Court finds that Plaintiff's reliance on Section 1632 does not go beyond a recitation of the statutory provision and "a formulaic recitation of the elements of a cause of action will not do" to state a claim. *Twombly*, 550 U.S. at 555. Any claim under TILA should be dismissed for failure to state a claim.

As to Plaintiff's argument in response to the motion to dismiss that "Defendants have omitted certain claims of Plaintiff in their Motion to Dismiss" Dkt. 6 at 2, Plaintiff has offered no argument that would specify what exact claims have been omitted by Defendants. The Court has reviewed Plaintiff's live complaint. Critically, the complaint only lists RICO as a "Claim for Relief." Other than the reference to TILA, no allegations have been made or facts alleged that would state, or purport to state, any other claims over which this Court would have jurisdiction.[3]

The Court has evaluated the substance of Plaintiff's complaint rather than the form. In its findings herein, the Court has been mindful that *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404

---

[3]To the extent there could be some state law claim between the parties, the amount in controversy as to the amount of the Loan does not meet the minimum amount in controversy for diversity jurisdiction even if Merritt's citizenship were disregarded.

U.S. 519, 521, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972); *U.S. v. Lumbreras-Amaro*, 627 F. Supp.2d 752, 757 (S.D. Tex. 2008). Indeed, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (internal citations omitted). Nonetheless, *pro se* litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). The Court has evaluated Plaintiff's pleadings herein accordingly. Even construing all the facts in a light most favorable to Plaintiff's complaint does not contain sufficient factual matter to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 662; *Twombly*, 550 U.S. at 570.

## RECOMMENDATION

Defendants' Motion to Dismiss Plaintiff's Complaint Under Rule 12(b)(6) (Dkt. 5) should be GRANTED, Plaintiff's claims should be dismissed with prejudice for failure to state a claim, and this matter should be closed on the Court's docket with all costs to be borne by the party incurring same.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted

by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 3rd day of February, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE