**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| STEVEN CHARLES TASSIO, PRO SE, <br><br> Plaintiff, <br><br> v. <br><br> ONEMAIN FINANCIAL, INC., and CHRISTI MERRITT, <br><br> Defendants. | § § § § § § § § § § § § CIVIL ACTION NO. 4:15-cv-00484 <br> (Judge Clark/Judge Johnson) |

## ORDER ADOPTING REPORT AND RECOMMENDAITON OF UNITED STATES MAGISTRATE JUDGE AND DISMISSING CASE

Came on for consideration the Report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On October 28, 2016, the Report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendants' Motion to Dismiss Plaintiff's Amended Complaint Under Rule 12(b)(6) (Dkt. #32) and Defendants' Supplemental Motion to Dismiss Plaintiff's Amended Complaint Under Rule 12(b)(6) (Dkt. #37) should be GRANTED and that the above titled and numbered cause of action be dismissed with prejudice. *See* Dkt. #45 (the "Report of the Magistrate Judge").

On November 16, 2016, *pro* se Plaintiff filed objections to the report (*see* Dkt. #47).

1

## BACKGROUND

*Pro se* Plaintiff Steven Charles Tassio (the "Plaintiff") filed this suit against Defendants OneMain Financial, Inc. ("OneMain") and Christi Merritt (collectively, "Defendants") on July 16, 2015. Plaintiff argues that Defendant OneMain improperly accounted for and applied Plaintiff's payments on his personal loan from OneMain (the "Loan"). According to Plaintiff, Defendant Merritt is the branch manager of OneMain's McKinney, Texas office.

Under his claims for relief in his original complaint, Plaintiff asserted violations of "18 U.S.C. § 1962(c) and (d) RICO Statutes." Dkt. #1 at p. 9. After the Magistrate Judge recommended dismissal of his original complaint, Plaintiff filed an amended complaint. Out of an abundance of caution and because Plaintiff had not yet amended his complaint, the Magistrate Judge withdrew its recommendation of dismissal allowing Plaintiff the opportunity to amend.

Plaintiff's amended complaint was filed February 22, 2016, which maintained assertions of violations of "18 U.S.C. § 1962(c) and (d) RICO Statutes." *See* Dkt. #31. Defendants filed the present Motion to Dismiss on March 7, 2016. *See* Dkt. #32. Plaintiff filed a response on March 14, 2016. *See* Dkt. #35. Defendants filed a reply on March 24, 2016. *See* Dkt. #38. Defendants filed a Supplemental Motion to Dismiss on March 22, 2016. *See* Dkt. #37. Plaintiff filed a response to the Supplemental Motion on March 28, 2016. *See* Dkt. #39. Defendants filed a reply on April 6, 2016. *See* Dkt. #40.

In their motion to dismiss, Defendants argue "Plaintiff grossly exaggerates the scope of the dispute by referencing previous federal fines assessed against OneMain's corporate parent and OneMain's filings with the Securities and Exchange Commission

and claiming that Defendants' attempt to collect on the Loan amounts to mail fraud and credit collection by extortionate means in violation of the Racketeer Influenced and Corrupt Organizations Act ('RICO')." *See* Dkt. #32 at p. 1. Defendants seek dismissal of Plaintiff's RICO claim for failure to state a plausible RICO claim. Specifically, Defendants argue that Plaintiff failed to plead a RICO person; that Plaintiff failed to sufficiently plead a pattern of racketeering in his allegations of mail fraud or credit collection by extortionate means; that Plaintiff failed to plead a pattern of predicate acts; that Plaintiff failed to plead a RICO enterprise; and that Plaintiff failed to plead a subsection (d) RICO claim.

In their supplemental motion to dismiss, Defendants further argue that (1) Plaintiff does not contend that Defendants associated with Citigroup as the alleged RICO enterprise, and (2) Plaintiff does not contend that Defendants conducted or participated in the conduct of the alleged RICO enterprise.

## REPORT OF THE MAGISTRATE JUDGE

The Magistrate Judge first determined that Plaintiff failed to plead the necessary elements of alleged predicate acts in support of his RICO claims. First, the court found that Plaintiff failed to plead mail fraud, as Plaintiff had not stated the fraudulent representation made by Defendants. Specifically, Plaintiff had not stated with particularity any payment demands by Defendants on the Loan or how such demands were false or constituted misrepresentations as to the payments owed under the Loan.

Further, the Magistrate Judge determined that Plaintiff did not sufficiently plead credit collection by extortionate means, as Plaintiff's complaint does not allege any violence or threats of harm to Plaintiff by Defendants.

3

Therefore, the Magistrate Judge found that Plaintiff had simply not alleged any predicate acts sufficient to plead a pattern of racketeering under RICO and moreover, Plaintiff's allegations did not state a pattern of predicate acts or the continuity required to state a RICO claim. As recently explained by the Fifth Circuit:

> "To establish continuity, plaintiffs must prove 'continuity of racketeering activity, or its threat.'" *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 241, 109 S. Ct. 2893, 106 L .Ed.2d 195 (1989)). "This may be shown by either a closed period of repeated conduct, or an open-ended period of conduct that 'by its nature projects into the future with a threat of repetition.'" *Id.* (quoting *H.J. Inc.*, 492 U.S. at 241, 109 S.Ct. 2893). Continuity over a closed period requires proof of "a series of related predicates extending over a substantial period of time." *H.J. Inc.*, 492 U.S. at 242, 109 S.Ct. 2893. "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement...." *Id.* Continuity over an open period requires "a threat of continued racketeering activity." *Id*. This may be established where the predicate acts "themselves involve a distinct threat of long-term racketeering activity" or "are part of an ongoing entity's regular way of doing business." *Id*. at 242–43, 109 S. Ct. 2893.

*Zastrow v. Houston Auto Imports Greenway Ltd.*, 789 F.3d 553, 561 (5th Cir. 2015). The Magistrate Judge determined that no facts were stated to show a pattern of racketeering activity as required under the Fifth Circuit authority and, therefore, recommended that Plaintiff's RICO claims be dismissed. *See In re MasterCard Int'l Inc.*, 313 F.3d 257, 264 (5th Cir. 2002) ("Because Thompson and Bradley cannot prove a necessary element of a civil RICO claim, namely that the Defendants engaged in a pattern of racketeering activity or the collection of unlawful debt, we hold that dismissal is proper under Rule 12(b)(6).").

The court also found that even if Plaintiff was able to allege some predicate act, he had not—and could not—allege an enterprise sufficient to state a RICO claim. Plaintiff's amended complaint lists Citigroup ("Citi") as the RICO enterprise. *See*

4

Dkt. #31 at p. 4. Plaintiff identified Citi as the parent of Defendant OneMain, but it was not pled that Defendants are or were employed by, or associated with, Citi as the RICO enterprise. The Magistrate Judge concluded that this was insufficient to state a claim under § 1962(c), particularly because there was no allegation that either Defendant acted with members of the alleged Citi enterprise, nor was there an allegation that either Defendant had a role in directing even some part of the alleged enterprise's affairs. *See Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993).

The court concluded that since no RICO claim had been stated, Plaintiff failed to state a conspiracy claim under 1962(d) as well. Further the Magistrate Judge determined that Plaintiff did not sufficiently allege in his complaint that Defendants OneMain and Merritt agreed to violate RICO, which would be necessary to prevail on a RICO conspiracy claim. *See N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 203 (5th Cir. 2015).

The Magistrate Judge, therefore, recommended the dismissal of Plaintiff's claims with prejudice.

**PLAINTIFF'S OBJECTIONS**

Plaintiff's objections largely contain accusations and attacks against the integrity of the court and Defendants rather than substantive responses to the Report of the Magistrate Judge. Plaintiff contends that Defendants have avoided and continue to avoid answering his charges by resorting to "shyster techniques." *See* Dkt. #47 at p. 3. Plaintiff presents no evidence or alleges any facts that could amount to improper actions by the court or Defendants' attorneys.

Plaintiff contends that he was blocked from needed evidence, citing a Rule 37 Motion to Compel Discovery (Dkt. #21) that he argues was ignored by the court. *See* Dkt. #47 at pp. 2-3. Plaintiff argues that Defendants withheld information that would allow him to detail parts of the complaint pertaining to RICO and the RICO nature of the persons involved, the time span, the number of other victims, and the intent of Defendants to continue in a similar manner. *See* Dkt. #47 at p. 3.

Far from being ignored, Plaintiff's Rule 37 Motion to Compel Disclosure was denied as moot on February 3, 2016. *See* Dkt. #28. After the Magistrate Judge withdrew his initial report and recommendation, Plaintiff did not file an additional motion to compel disclosure. There is no ignored motion to compel disclosure before the court. Further, the present motion relates to the sufficiency of Plaintiff's pleadings, and would not turn on discovery evidence sought by Plaintiff in his Motion to Compel.

Plaintiff asserts, for the first time, a specific payment amount that he contends is a fraudulent representation. *See* Dkt. #47 at pp. 4-5. This issue is raised for the first time in Plaintiffs' objections, and therefore, is not properly before the court. *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001) (issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court). Even considering this, however, Plaintiff does not explain how the charge is false or constitutes a misrepresentation of payment owed under the Loan. Even if the court found this allegation stated a predicate act, Plaintiff fails to demonstrate a pattern of predicate acts or the continuity required to state a RICO claim.

Plaintiff argues that his amended complaint clearly includes a claim for relief that is so labeled. *See* Dkt. #47 at p. 5. Plaintiff confuses, however, the labeling of a claim for

relief and the assertion of a claim upon which relief could be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (1955)). The court does not question whether Plaintiff identified and labeled what he views as claims for relief due to RICO violations. *See* Dkt. #31 at pp. 4-7. The court's determination on the present motion to dismiss for failure to state a claim is focused, however, on whether Plaintiff sufficiently alleges RICO claims such that relief could be possible.

Plaintiff further contends that Defendants have refused settlement offers, the company Citi has been previously fined for predatory lending and other financial based activities, and Plaintiff has a valid demand for a right to trial by jury. *See* Dkt. #47 at p. 5. None of these arguments substantively contravene the findings of the Magistrate Judge.

**CONCLUSION**

The court has conducted a *de novo* review of the portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. See 28 U.S.C. § 636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit.

Accordingly, it is **ORDERED** that Plaintiff's objections are overruled and the Report of the Magistrate Judge (Dkt. #45) is **ADOPTED** as the opinion of the court.

It is further **ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint Under Rule 12(b)(6) (Dkt. #32) and Defendants' Supplemental Motion to

Dismiss Plaintiff's Amended Complaint Under Rule 12(b)(6) (Dkt. #37) are **GRANTED** and the above-styled civil action is **DISMISSED WITH PREJUDICE**.

All costs are taxed to Plaintiff. The Clerk of Court is directed to close the case.

So **ORDERED** and **SIGNED** this **16** day of **December, 2016.**

_____
Ron Clark, United States District Judge